**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-50240
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOSE LUIS GRANADOS,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
(EP-96-CV-237)

November 20, 1998

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

José Luis Granados, a federal prisoner, appeals the denial of his motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Granados contends that his guilty-plea conviction for using a firearm in connection with a drug-trafficking offense is invalid under *Bailey v. United States*, 516 U.S. 137 (1995).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The government contends that Granados' *Bailey* claim is procedurally barred under *United States v. Bousley*, 118 S. Ct. 1604, 1610-11(1998). However, because the government did not raise the procedural bar in the district court, it has been waived. *See United States v. Drobny*, 955 F.2d 990, 995 (5th Cir. 1992).

Although Granados contends that he did not actively employ the firearm and thus did not "use" it within the meaning of *Bailey*, he does not contest that he displayed a firearm to an undercover officer, telling him that he "was ready if something was going to happen" and that the gun was for protection. Such action is sufficient to sustain a conviction under the "use" prong of 18 U.S.C. § 924(c). *See Bailey*, 516 U.S. at 148 (defining use as, among other things, "brandishing" or "displaying" a firearm).

Granados argues that his act of showing the gun to the undercover officer was both temporally and physically distant from the actual drug transaction and his arrest since he stowed the gun in his car before proceeding to the motel room in which the sale of drugs was to take place. Thus Granados' argument is that he did not use the firearm "during and in relation to" the predicate drug offenses as is required under § 924(c). This argument fails to persuade. The record reflects that Granados brought the gun with him for the purpose of facilitating his possession of the marijuana and the drug conspiracy. *See United States v. Polk*, 118 F.3d 286, 293 (5th Cir.), *cert. denied*, 118 S. Ct. 456 (1997); *see also United States v. Tolliver*, 116 F.3d 120, 124-26 (5th Cir. 1997). Thus he used the gun "during and in relation to" the predicate

2

offenses.

The district court's denial of Granados' § 2255 motion is affirmed.

AFFIRMED.